IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GILBERT, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A. and DOES 1-50, inclusive,<br><br>    Defendant.<br>_____/ | No. C 11-2856 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE ON GROUNDS OF FORUM NON CONVENIENS (Docket No. 14) |

Plaintiff Eric Gilbert has filed the present lawsuit in the Northern District of California, alleging a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), as well as class claims under Nevada Revised Statute sections 608.018 and 608.020-608.050. Defendant Wells Fargo Bank, N.A. moves to transfer the action to the Las Vegas division of the District Court of Nevada on forum non conveniens grounds.

BACKGROUND

Plaintiff was employed as a Business Sales Officer (BSO) by Wells Fargo from December 2007 through August 2010. Declaration of Kathryn Deits at ¶ 3. Plaintiff alleges that Wells Fargo failed to pay to him and other similarly situated BSOs the legally required overtime premium. Plaintiff seeks to represent BSOs who are currently employed, or were formerly employed, by Wells Fargo from June 10, 2008 through the date judgment is rendered in the present lawsuit.

Throughout his period of employment Plaintiff worked in Las Vegas, Nevada. Deits Dec. at ¶ 3. Currently he resides in Florida. Id. At the present time Well Fargo employs approximately 115 BSOs who work in seventeen different states. Id. at ¶ 4. As of September 15, 2011, no BSOs are employed in California. Id. Neither Wells Fargo nor Plaintiff disclose how many BSOs have been employed in California during the class period and presently reside in the Northern District of California. The greatest number of BSOs have been employed in Texas, with twenty-three BSOs employed there between July 2007 through the present. Id. The next greatest number of BSOs, sixteen, has been employed in Arizona during the same time period. Id. Ten BSOs have either worked or presently work in Nevada. Id.

In general, BSOs are organized regionally, with each BSO reporting to a Business Banking Manager (BBM). Id. at ¶ 5. Within each region, BBMs report to one or two levels of Regional

2

Presidents. Id. Plaintiff reported to Tom Lagomarsini, a former BBM, who also worked in Las Vegas and continues to reside there. Id. at ¶ 3. The current BBM for Nevada is Chad Osorno, who is located in Reno, Nevada. Id. The current Regional President for Nevada is Kirk Clausen, who is based in Las Vegas. Id. at ¶ 5. Clausen reports to a different Regional President, Gerrit Van Huisstede, who is located in Phoenix, Arizona. Id. Van Huisstede oversees several states, including Nevada and Arizona. Id. No Regional Presidents are based in the Northern District of California, and only one is based in California. Id.

Key operational and administrative personnel who are responsible for Wells Fargo's payroll practices and company policies and procedures with regard to BSOs are located outside of California. Id. at ¶ 6. A manager based in Arizona handles training for all BSOs. Id. at ¶ 9. Likewise, the recruiter responsible for speaking to potential BSOs in the Nevada region is located in Arizona, as are individuals who maintain and manage personnel files. Id. at ¶¶ 7-8.

## LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court has broad discretion to adjudicate motions for transfer on a case-by-case basis, considering factors of convenience and fairness. See

3

Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988). Factors the court may consider include (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) relative ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. Saleh v. Titan Corp., 361 F. Supp. 1152, 1156 (N.D. Cal. 2005) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000), and Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)).

The movant bears the burden of justifying the transfer by a strong showing of inconvenience. Decker Coal, 805 F.2d at 843. The motion may be denied if the increased convenience to one party is offset by the added inconvenience to the other party. Id. As a general rule, the plaintiff's choice of forum is given significant weight and will not be disturbed unless other factors weigh substantially in favor of transfer. See 28 U.S.C. § 1404(a). However, the plaintiff's selection of forum has minimal value where the plaintiff is not a resident of the judicial district in which the suit commenced. Armstrong v. Home Depot U.S.A., Inc., 1996 WL 382895, *1 (N.D. Cal.) (citing Grubs v. Consolidated Freightways, Inc., 189 F. Supp. 404, 409 (D. Mont.

4

1960) and Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)).  In addition, when the plaintiff represents a class, its choice of forum is given less weight.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

## DISCUSSION

The parties do not dispute that the action could have been filed in the Nevada district court.  Rather, Plaintiff's principle argument is that transfer to Nevada is unwarranted because (1) forums in Arizona and Texas are the most and more convenient, respectively, compared to the district of Nevada and (2) those fora lacked jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1391(b)(1).  In addition to misunderstanding the requirements of jurisdiction under § 1391(b)(1),[1] Plaintiff's

---

[1] Section 1391(b) states in full:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff appears to overlook § 1391 (c), providing that for purposes of venue "a defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," 28 U.S.C. § 1391(c), and, furthermore, that a corporation may be subject to personal jurisdiction outside of the district in which its headquarters are based.  Thus, it appears that the suit could have been brought in Arizona or Texas.

5

arguments as to the relative convenience of fora in Arizona and Texas compared to Nevada and the Northern District of California are irrelevant.  The determination of a motion to transfer turns on the relative convenience of Plaintiff's chosen forum compared to the forum Defendant seeks.

Setting aside Plaintiff's principle argument, the <u>Jones</u> factors weigh in favor of transferring the present action to the District of Nevada.  First, as noted above, Plaintiff's choice of forum is entitled to minimal deference because Plaintiff has alleged class claims, as well as a collective action under the FLSA, and Plaintiff is not a resident of this district.  Thus, this factor does not favor hearing the present lawsuit in this district.

Second, the convenience of the parties favors pursuing this case in Nevada.  Although Plaintiff resides in Florida, and it may be marginally easier to fly to this district than to Nevada, no BSOs are currently employed in California.  Nor has Plaintiff established or even alleged that a significant number BSOs were employed in California during the class period and currently reside in this district.  In contrast, twenty-six BSOs have been employed in Nevada and Arizona, in closer proximity to the District of Nevada than to the Northern District of California.

The third <u>Jones</u> factor, convenience of the witnesses, also supports transferring the case to the District of Nevada, Las Vegas division.  Defendant has attested to a chain-of-command that

6

is largely Nevada-based.  In addition, key personnel are located in Arizona, which is closer to Las Vegas than to this district.  Although Plaintiff asserts that Wells Fargo's headquarters are located in this district, he fails to identify any particular witnesses who are based at Wells Fargo's San Francisco headquarters who will be required to testify.

The fourth factor, the ease of access to evidence, apart from witness testimony, does not favor either district because it appears that the records are based in Arizona and modern technology eases access through the electronic transfer of documentary evidence.

The fifth and seventh factors support transferring the action to Nevada because the district court in Las Vegas is more likely to be familiar with the law applicable to Plaintiff's claims under Nevada statutory law and that state has a greater interest in enforcement of its own laws than does California.  Plaintiff has not plead any claims under California law.

The sixth factor, the feasibility of consolidation with other claims, is irrelevant to this lawsuit and is not argued by either party.

As to the final factor, the parties make no arguments regarding the relative congestion of the courts in either district.  Nevertheless Defendant correctly asserts that the interests of judicial economy may be served by hearing the case in

Nevada, where the judiciary has greater expertise over its own state law.

In sum, six of the seven Jones factors that apply to the present case favor transferring this action to the District of Nevada, Las Vegas division.

## CONCLUSION

Defendant's motion to transfer is granted.  Docket No. 14. The Clerk shall transfer the file to the District of Nevada, Las Vegas division.  The case management conference set for December 13, 2011 is VACATED.

IT IS SO ORDERED.

Dated: 10/28/2011

CLAUDIA WILKEN
United States District Judge

8